MITTERWALLNER v. SUPREME LODGE KNIGHTS & LADIES OF THE GOLDEN STAR.

(Supreme Court, Appellate Term. February 23, 1904.)

1. INSURANCE—PAYMENT—ACCORD AND SATISFACTION.
   Where a receipt given for a payment made on a policy of insurance expressly stated that the amount was received "under protest," it was insufficient to support a plea of accord and satisfaction.

2. SAME—BENEFICIAL ASSOCIATIONS—BY-LAWS—SUICIDE—PROPORTIONATE LIABILITY.
   A by-law of a beneficial association providing that, in case a member commits suicide, the association shall be liable for only 75 per cent. of the face of his policy, was binding on a member who became such before the enactment of the by-law, where the original contract and by-laws were silent on the subject.

Appeal from City Court of New York, Trial Term.

Action by Louise Mitterwallner against the Supreme Lodge of the Knights & Ladies of the Golden Star. From a judgment in favor of plaintiff, defendant appeals. Reversed.

See 76 N. Y. Supp. 1001; 78 N. Y. Supp. 1127.

Argued before FREEDMAN, P. J., and GIEGERICH, and McCALL, JJ.

W. R. Spooner, for appellant.
M. Strassman, for respondent.

GIEGERICH, J. The action is brought to recover $250; being a balance alleged to be due upon a beneficiary certificate in the amount of $1,000, on which $750 had been paid. The defense of accord and satisfaction was attempted, but failed. The receipt given by the plaintiff at the time the $750 was received expressly stated that the amount was received "under protest." The·answer further set up the defense of the suicide of the insured, and the existence of a by-law which provided for the payment of only 75 per cent. of the face of the policy, under the circumstances of this case. That the assured committed suicide was, we think, proven by the defendant sufficiently for the purposes of this appeal.

The respondent's counsel insists that, as the by-law was not enacted until after the deceased became a member of the society, it cannot be binding on the plaintiff, to cut off a right vesting before its enactment; but the language of the Court of Appeals in Shipman v. Protected Home Circle, 174 N. Y. 398, 405, 67 N. E. 83, 85, is directly adverse to such claim in a case like the present. It was there said:

"If we assume, therefore, that the original contract and by-laws were silent upon the subject of suicide by the insured while sane, the amended

by-law is valid, because there can be no such thing as a vested right to commit suicide, and for the further reason that it is nothing more than the written expression of a provision which the law had read into the contract at its inception."

The judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event.   All concur.